UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHNNY GARRETT,

    Plaintiff,

v.                                      CASE NO. 5:17-cv-292-Oc-10PRL

RO DIAZ,

    Defendant,
_____/

## ORDER OF DISMISSAL

Johnny Garrett, an inmate confined at the Pinckneyville Correctional Center in Pinckneyville, Illinois, initiated this case by filing a *pro se* civil rights complaint. (Doc. 1). The case is due to be dismissed because the Plaintiff is prohibited from proceeding *in forma pauperis*, per 28 U.S.C. § 1915(g) and did not pay the filing fee at the time he initiated this case.

Section 1915(g) of the Prison Litigation Reform Act states:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

With three or more civil actions or appeals dismissed as frivolous, malicious, or failing to state a claim for relief, Plaintiff is subject to 28 U.S.C. § 1915(g)'s three-strikes bar absent imminent danger of serious physical injury.[1]

---

[1] See Garrett v. State of Illinois Attorney General, Case No. 1:13-CV-02462 (N.D. Ga. 2013) (dismissing Plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(g)); see also Garrett v. Illinois, Case No. 13-cv-1298-JPG (S.D. Ill. Dec. 30, 2013) (finding that "Plaintiff has filed six meritless civil rights actions . . . in three different courts, within the space of five months" and dismissing his case as frivolous).

Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), holds that "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." General allegations, not grounded in specific facts that show serious and imminent physical injury, fail to invoke the exception in Section 1915(g) to the "three-strikes" bar. Plaintiff fails to allege facts demonstrating imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.") Plaintiff did not pay the filing fee at the time he initiated the suit and a motion for leave to proceed *in forma pauperis* would be denied.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to enter judgment, to terminate any pending motions, and to close the case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 14th day of July 2017.

_____
UNITED STATES DISTRICT JUDGE

c: Plaintiff